# IN THE SUPREME COURT OF THE STATE OF NEVADA

FAROOQ ABDULLA, INDIVIDUALLY,
Appellant,
vs.
ETHAN VOLUNGIS, INDIVIDUALLY,
Respondent.

No. 71300



FILED

APR 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a jury verdict in a tort action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

This appeal follows a car accident between appellant Farooq Abdulla and respondent Ethan Volungis. Volungis filed a complaint against Abdulla for negligence and negligence per se following Abdulla's attempt to merge into a lane occupied by Volungis' car and the resulting collision. The jury found Volungis' injuries were caused by Abdulla's negligent conduct. On appeal, Abdulla challenges the district court's dismissal of his comparative negligence defense, the scope of testimony permitted by Volungis' accident reconstruction expert, and an alleged preclusion of Abdulla's argument, in his closing statement, that chiropractic overtreatment may have led to Volungis' prolonged pain. We affirm.

*Dismissal of comparative negligence claim*

First, Abdulla argues the district court erred in granting Volungis' motion for judgment as a matter of law dismissing Abdulla's comparative negligence defense. Abdulla contends that his testimony that he did not see Volungis when he turned to look over his shoulder prior to merging supported an inference of comparative negligence. Abdulla also argues that Volungis' accident reconstruction expert Ronald Probert's

testimony about speeding hypotheticals provides further support for such an inference.

An order granting a motion for judgment as a matter of law under NRCP 50(a) is reviewed de novo. *Bielar v. Washoe Health Sys., Inc.*, 129 Nev. 459, 470, 306 P.3d 360, 367–68 (2013). A motion for judgment as a matter of law may be granted if the nonmoving party did not present sufficient evidence for the jury to grant relief. *Nelson v. Heer*, 123 Nev. 217, 222-23, 163 P.3d 420, 424 (2007). When reviewing a judgment as a matter of law, the court must view all evidence and draw all inferences in favor of the nonmoving party. *Id.* This review is made without consideration of the weight of evidence or witness credibility. *Broussard v. Hill*, 100 Nev. 325, 327, 682 P.2d 1376, 1377 (1984). Finally, "[i]f there is conflicting evidence on a material issue, or if reasonable persons could draw different inferences from the facts, the question is one of fact for the jury and not one of law for the court." *Id.*

At trial, Abdulla testified that he used his turn signal and looked over his shoulder prior to merging but did not see Volungis. Abdulla contends his trial testimony established an inference that Volungis sped up after Abdulla began to merge into the lane and negligently contributed to the accident. In contrast, Volungis testified that he saw Abdulla encroach into his lane, honked his horn, slammed his brakes, and turned his car towards the cement median in an unsuccessful attempt to avoid hitting Abdulla. Abdulla's argument that Probert's testimony supports an inference of comparative negligence fails because Probert maintained that there was no evidence to support the hypotheticals Abdulla posited to him, and remained firm that Abdulla was the sole cause of the collision. We conclude Abdulla did not present sufficient evidence of Volungis'

comparative negligence to warrant the jury's consideration of this issue. Therefore, the district court did not err in dismissing Abdulla's affirmative defense of comparative negligence as a matter of law.

*Testimony regarding the angle of impact*

Next, Abdulla argues the district court improperly permitted Probert to testify beyond the scope of his expert report at trial by opining as to the angle of impact because Probert's report was limited in scope to the time and distance of the parties' cars. Abdulla told the jury in his opening statement that the underlying car accident was a sideswipe. During his testimony, Probert opined that the collision was angular in nature, rather than a sideswipe. Abdulla objected to that. The district court overruled, concluding that experts can rely upon information known to them at the time of their testimony and that the documents in which Probert was relying upon to form his opinion were in evidence.

A district court's decision to allow expert testimony is reviewed for abuse of discretion. *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014) ("An abuse of discretion occurs when no reasonable judge could reach a similar conclusion under the same circumstances."). Pursuant to NRS 50.275, there are three requirements for expert testimony to be admissible: (1) qualification, (2) assistance, and (3) limited scope. *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. 760, 766, 312 P.3d 503, 508 (2013).

Abdulla contends the district court improperly allowed Probert to testify beyond the scope of his expert report by opining as to the angle of impact of the cars. But Abdulla had notice of Probert's opinion that the collision was not a sideswipe because Probert's asserted in his report that "[t]he photographs of the Volungis vehicle show contact on the right front including the right front tire and wheel, the fender, and the trim associated with the fender." Further, an expert is not tethered to the exact language

used in his expert report when testifying at trial. Thus, Probert's testimony did not exceed the scope of his expert report by testifying as to the angle of impact.

Additionally, Probert was qualified as an expert in accident reconstruction, testifying to his experience in investigating over twenty thousand accidents in the course of his career. Probert based his opinions upon his education, training, and expertise and indicated that he followed a reliable methodology in his expert report. After Abdulla described the crash as a sideswipe in his opening statement, Probert assisted the jury by defining sideswipe as a term of art, and testifying that he found the available evidence to be inconsistent with a sideswipe, which in turn supported the conclusion that the cars collided with an angular impact. Therefore, the district court did not abuse its discretion in allowing Probert's testimony as to the angle of the impact because this testimony did not go beyond the scope of the expert report and it assisted the jury pursuant to NRS 50.275.

*Chiropractic overtreatment*

Finally, Abdulla claims the district court erroneously precluded him from arguing to the jury in his closing that Volungis' expert Dr. Oliveri conceded that chiropractic overtreatment could have potentially prolonged Volungis' pain. This argument is not supported by the record. The district court told Abdulla that he could fairly argue what was in evidence in closing argument but could not venture into the territory of medical malpractice. Abdulla did remind the jury of Volungis' concession. Additionally, the district court did not preclude Abdulla from arguing in his closing that Volungis underwent other medical procedures that could have also led to prolonged pain. As a result, Abdulla cannot demonstrate that he was prevented from arguing his theory of causation.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michelle Leavitt, District Judge
       Persi J. Mishel, Settlement Judge
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
       Goldsmith & Guymon, P.C.
       Eglet Prince
       Eighth District Court Clerk